## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                               Case No. 04-31658-WRS
                                                                     Chapter 7
MALCOLM J. HUMPHREYS,

        Debtor

### MEMORANDUM DECISION

        This Chapter 7 case came before the Court upon the Trustee's objection to the Debtor's claim of exemption. (Doc. 32). The Debtor has filed a response to the Debtor's objection. (Doc. 49). The matter was heard on October 19, 2004. The Debtor was present by counsel Richard D. Lively, Chapter 7 Trustee Daniel G. Hamm was present and the Bankruptcy Administrator was present by counsel Michael A. Fritz, Sr. The Bankruptcy Administrator supports the Trustee's objection.

        At first blush, the Trustee's objection appears simple enough. The Debtor has claimed as exempt, two antique automobiles, a mini race car, gas pumps and tools, asserting that they are worth only nominal amounts of money. The Court offered the parties the opportunity to submit evidence at the time of the hearing, or to reschedule the matter for an evidentiary hearing at a later date, affording the parties an opportunity to conduct discovery and possibly negotiate a settlement. The Trustee stated that he did not need to present evidence, rather he would proceed to sell the items in question, giving the Debtor the amount claimed as exempt and taking the excess funds into the estate. The Debtor objected to that procedure. The Bankruptcy Administrator has filed a brief in support of the Trustee's position. (Doc. 50). Before addressing the Trustee's contention directly, the Court will first review relevant bankruptcy procedures.

A Chapter 7 bankruptcy case is, for the most part, a simple enough proceeding. Upon the filing of a petition, a trustee is appointed. 11 U.S.C. §§ 701–02. One of the trustee's most important functions is to "collect and reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(1). Property of the estate is broadly defined as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Therefore, it is the trustee's job to gather up the debtor's property and convert it to cash, so that the proceeds may ultimately be distributed to creditors.

To mitigate the harshness of the forced liquidation of a debtor's property, he is allowed to set apart, or exempt, certain property from property of the estate. 11 U.S.C. § 522(b). The Bankruptcy Code provides the states with an option to establish its own scheme of exemptions which will prevail, rather than exemption scheme provided in the Bankruptcy Code. Alabama has opted out of the federal exemption scheme. Ala. Code § 6-10-11. Therefore, to determine what property may be exempted, one must look to Alabama law. A claim of exemption in a bankruptcy case is made by filing a claim of exemption using Schedule C. An objection may be filed not later than 30 days after the meeting of creditors, or 30 days after a claim of exemption is amended.

It is not disputed here that the pertinent statute is Alabama Code § 6-10-6, which provides, in part, as follows:

> The personal property of such resident, except for wages, salaries, or other compensation, to the extent of the resident's interest therein, to the amount of $3,000 in value, to be selected by him or her.

Contrary to the Trustee's argument, it is the property and not the $3,000, which is exempt from the estate. The $3,000 amount provided in the statute is a means of measurement as to how much property is exempt. That is, the Debtor may select property, with a value of $3,000 and exempt it from the estate. The Trustee's contention, that he can sell everything and give the Debtor $3,000, is not supported by the language of the statute. Indeed, the purpose of the exemption provisions is to provide the Debtor with a meager amount of property with which he might clothe and comfort himself. The Trustee would strip him naked and then give him the first $3,000 of proceeds from the sale of his property.

Alabama statute contemplates that a debtor and his creditor may disagree as to the valuation placed upon articles of property. Alabama Code Section 6-10-33, provides as follows:

> When, on a contest of a claim of exemption to personal property, the issue is whether or not the claim is excessive and such issue is found in favor of the plaintiff, it must also be ascertained by the finding of the court or the verdict of the jury, as the case may be, how much and what portion of the property is exempt, describing the same with its value, approximating in value as nearly as practicable $3,000, and the residue of the property shall be sold, and out of the proceeds of the sale there shall be paid to the defendant an amount which, when added to the value of the property found to be exempt, will make the exemption equal to $3,000, and the balance shall be applied to the payment of the costs and satisfaction of the process.

The plain language of § 6-10-33 contemplates a valuation proceeding in advance of the sale and permits the sale of that property which is found to be in excess of the exempt amount. The Trustee objects to this procedure, contending that it is too cumbersome and expensive. That may well be, however, until the Alabama Legislature or Congress provides another means of

-3-

Case 04-31658    Doc 69    Filed 12/29/04    Entered 12/29/04 14:23:50    Desc Main
Document    Page 3 of 6

resolving disputes such as this, the Court is left with what the law provides. The Trustee further objects on the grounds that he does not intend to sell all of the Debtor's property, only that which he believes to be undervalued. Clearly, the items of personal property listed in the Trustee's objection are not necessary for the Debtor to maintain a minimal standard to living. Rather, these items are collectibles. While the Court has not yet heard any evidence on their value, based upon its general experience, it appears that the items are probably seriously undervalued. Nevertheless, the Trustee is obliged to provide evidence of the value of the personal property claimed as exempt.

Before leaving this question, the Court will consider the implications of the Trustee's contention. If, as the Trustee contends, it is only the $3,000 which is exempt and not the property itself, a debtor would have no protection from the forced sale of all of his property. While in the case at bar, the Trustee and the Bankruptcy Administrator insist that they would not sell all of the Debtor's property, they have not demonstrated any principled basis upon which the Court could distinguish sales which may proceed and those which may not. To put the matter differently, the protections afforded a debtor should not depend upon the good graces of the Trustee.

The Bankruptcy Administrator argues that the reach of the decision handed down by the Supreme Court in Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S.Ct. 1644 (1992), has been limited. In Taylor, a debtor in a case under Chapter 7 disclosed that he owned a cause of action and listed it as exempt with a value of "unknown." The Trustee did not object to the claim of exemption. When the Debtor subsequently settled the case for $110,000, the Trustee brought suit demanding that the proceeds be turned over to him as it was property of the estate. The claim of exemption in Taylor was without merit and would have been disallowed had a timely

Case 04-31658    Doc 69    Filed 12/29/04    Entered 12/29/04 14:23:50    Desc Main
Document    Page 4 of 6

objection been filed. The Supreme Court ruled that because an objection to the claim of exemption had not been filed within the time prescribed by the rules, the claim of exemption would be allowed. As the Trustee in the case at bar has filed a timely objection, it is difficult to see how Taylor has any application to the case at bar.

The Eleventh Circuit has twice written to similar questions concerning objections to claims. In Allen v. Green (In re: Green), 31 F.3d 1098 (11th Cir. 1994), the debtor listed a lawsuit as exempt and valued it at $1.00. The Trustee did not object and the suit was later settled for $15,000. The Trustee in Green argued that the debtor should get only $1.00, with the balance paid to the estate. The Eleventh Circuit in Green, citing Taylor, rejected the Trustee's contention, finding that the entire value of the lawsuit had been exempted. In both Green and Taylor, no objection to the exemption had been filed.

More recently, the Eleventh Circuit considered whether the rules governing exemptions were different in cases under Chapter 13 than under Chapter 7. See, Gamble v. Brown, (In re: Brown), 168 F.3d 442 (11th Cir. 1999). In Gamble, the debtors claimed certain real property as exempt. As was the case in Taylor and in Green, no objection was filed, and as in those cases, the failure to object was found to be fatal to the Trustee's position.

The Court will schedule the Trustee's objection for an evidentiary hearing. The burden is on the Trustee to present some evidence to overcome the Debtor's claim. The Debtor may present evidence in support of his claim of exemption.

The Court will make one additional observation. The Debtor made his first claim of exemption when he filed Schedule C, together with other schedules on June 17, 2004. (Doc. 1).

-5-

Two amended claims of exemption have been made. (Docs. 13, 48). Neither of the amended claims of exemption bear a certificate of service. <u>See</u>, Rule 1009, Fed. R. Bankr. P., LBR 1009-1. The Court will consider striking the amended claims of exemption if this defect is not promptly cured.

Done this 29th day of December, 2004.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Richard D. Lively, Attorney for Debtor
   Daniel G. Hamm, Trustee
   Teresa R. Jacobs, Bankruptcy Administrator